■ MARY CHLEBOWSKI et al., Respondents, v. MONTRON REALTY COMPANY, INC., Appellant.— Judgment and order reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: The verdict of the jury is against the weight of evidence. All concur except BASTOW, J., who dissents and votes for affirmance. (Appeal from judgment and order of Erie Trial Term in favor of plaintiffs, in a negligence action.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

## (May 21, 1964)

■ In the Matter of the Construction of the Will of LANSFORD L. LEIGH, Deceased. MARINE TRUST COMPANY OF WESTERN NEW YORK, Appellant; MARGARET L. HARTOM et al., Respondents.— Appeal unanimously dismissed, without costs. Memorandum: The appellant is not a party aggrieved as defined in section 288 of the Surrogate's Court Act. The decision in Matter of Venblow (2 A D 2d 365) should not be extended beyond its precise factual situation. The proceeding is properly before the Surrogate, who has ample authority to determine the questions involved. There are many reasons, such as the preparation and filing of tax returns, why it might be advantageous to have this matter determined before the final accounting. (Appeal by respondent, Marine Trust Company, from an order of Erie Surrogate's Court which determined that petitioner, Margaret L. Hartom, has standing to maintain the proceeding, and that the court has jurisdiction to construe a separation agreement.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ KATHERINE C. MCABEE, Respondent, v. MELVIN R. KEEN, Defendant and Third-Party Plaintiff-Appellant. GERVAS CANNING COMPANY, INC., Third-Party Defendant.— Order of May 2, 1963, insofar as it grants plaintiff's motion for summary judgment unanimously reversed and motion denied, and the judgment entered thereon on July 10, 1963 vacated, and otherwise the order is affirmed, with costs to defendant Keen. Memorandum: There are material issues of fact which preclude the granting of summary judgment. One question is whether the plaintiff succeeded to all of the rights of the bank which was a holder in due course, or whether she took the note in question subject to the equities between the original parties. These matters should be explored and determined at a trial. (Appeal from judgment of Chautauqua Special Term in favor of plaintiff in an action on a promissory note; the order granted motion for summary judgment.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ KATHERINE C. MCABEE, Plaintiff, v. MELVIN R. KEEN, Defendant and Third-Party Plaintiff-Appellant. GERVAS CANNING COMPANY, INC., Third-Party Defendant-Respondent.— Order of May 2, 1963, insofar as it dismisses the third-party complaint unanimously reversed, with costs, and motion denied. (Appeal from order of Chautauqua Special Term granting third-party defendant's motion to dismiss the third-party plaintiff's complaint.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.